UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| Shirley Vineyard and James Vineyard | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 3:13-CV-00634 |
| Knox County, et al., | ) ) | |
| *Defendant*. | ) | |

## Memorandum and Opinion

This is a civil rights action arising under 42 U.S.C. § 1983 between the Plaintiffs Shirley Vineyard and James Vineyard (hereinafter "Mr. or Ms. Vineyard"), and Defendants Knox County, Tennessee (hereinafter "Knox County"), "Unknown Officers," and Sheriff Jimmy "J.J." Jones (hereinafter "Sheriff Jones") for the alleged violation of Ms. Vineyard's constitutional rights when she visited her inmate-son at the Knox County Detention Facility. Plaintiffs assert that when Ms. Vineyard was visiting her son at the facility, she was assaulted by another visitor. Furthermore, Plaintiffs contend that Ms. Vineyard was improperly held at the facility until investigating officers and medical personnel could arrive on the scene to examine the alleged altercation. In addition to a claim for the alleged deprivation of Ms. Vineyard's constitutional rights, Plaintiffs have also brought a host of state law tort claims against Knox County, "Unknown Officers" in their individual capacity, and Sheriff Jones in his individual capacity.

Defendants contend that the Plaintiffs have failed to demonstrate a person acting under color of state law deprived Ms. Vineyard of her constitutional rights as required under § 1983. Furthermore, Defendants assert that the Plaintiffs have failed to plead factual allegations

1

sufficient to establish Sheriff Jones violated Ms. Vineyard's constitutional rights. Finally, Defendants contend that without factual allegations in the complaint regarding the existence of an official policy or custom that violated Ms. Vineyard's constitutional rights, the Plaintiffs have failed to establish that Knox County violated Ms. Vineyard's rights.

In response, the Plaintiffs assert that they have pleaded sufficient facts to show that Ms. Vineyard's constitutional rights were violated by both Knox County and Sheriff Jones.

## I. Factual Background

On January 2, 2013, Ms. Vineyard went to visit her inmate-son at the Knox County Detention Facility. When Ms. Vineyard arrived at the visitation booth to see her son, the Plaintiffs allege that another woman was already in the booth. The Plaintiffs then assert that upon seeing Ms. Vineyard, the woman—without warning or cause—assaulted Ms. Vineyard inside the visitation booth. Plaintiffs allege that Ms. Vineyard was beaten by the woman, and although Ms. Vineyard screamed for help, officers never came to her aid. Furthermore, the Plaintiffs allege that once Ms. Vineyard was able to reach the entrance to the facility, officers refused her request to have an ambulance called, and instead, provided medical assistance at the facility. In addition, the Plaintiffs assert that once Mr. Vineyard arrived, he was refused access to Ms. Vineyard until investigating officers arrived to investigate the alleged altercation. Finally, the Plaintiffs allege that Ms. Vineyard was not allowed to leave the facility until the investigating officers had a chance to gather information.

The Plaintiffs contend that the officers' failure to respond quickly to the alleged altercation between Ms. Vineyard and the other woman, and the facility's failure to subsequently call an ambulance resulted in Ms. Vineyard suffering a host of physical and mental injuries for which the Plaintiffs are entitled to relief.

Defendants assert that, regardless of the factual accuracy of the Plaintiffs' claims, the Plaintiffs have nonetheless failed to state a claim upon which relief can be granted for any alleged constitutional violation of Ms. Vineyard's rights. Defendants have moved to dismiss the § 1983 claims asserted by the Plaintiffs.

## II. Standard of Review

Under the Federal Rules of Civil Procedure, a plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). In other words, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *In re Delorean Motor Co.*, 991 F.2d 1236, 1339-40 (6th Cir. 1993).

For a motion to dismiss to be granted, a party must show the plaintiff has "fail[ed] to state a claim upon which relief can be granted," in their pleadings. Fed. R. Civ. P. 12(b)(6). A dismissal for failure to state a claim is proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Stemler v. City of Florence*, 350 F.3d 578, 590 (6th Cir. 2003). In determining whether a motion to dismiss should be granted, a district court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). The district court, however, need not accept legal conclusions or immaterial factual inferences. *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 325 (6th Cir. 1999).

Furthermore, the Supreme Court has clarified the pleading standard necessary to survive a Rule 12(b)(6) motion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), holding that a complaint's factual allegations must "raise a right to relief above the speculative level," and must

contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570. At the very least, dismissal under Rule 12(b)(6) is proper where the complaint lacks an allegation regarding an element necessary to obtain relief. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. Analysis

**A. The Plaintiffs' § 1983 claim against Knox County fails to demonstrate that Knox County violated Ms. Vineyard's constitutional rights.**

Under 42 U.S.C. § 1983, a local government entity cannot be liable for the acts of its law enforcement officers or correctional officers unless the officers violated an individual's constitutional rights based on a policy or custom. *See Monell v. Dept. of Social Servs. of New York*, 436 U.S. 658. 694 (1978); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) (noting that municipal liability under § 1983 can also be initiated if there was a single unconstitutional act taken by a policy maker). In addition, the inadequacy of police training may also serve as the basis for § 1983 liability. *City of Canton v. Harris*, 489 U.S. 378, 379 (1989). However, the Supreme Court has held that such liability applies "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by the municipality [to be] properly thought of as an actionable city 'policy.'" *Id.*

Here, even accepting all of the allegations in the Plaintiffs' pleadings as true, the Plaintiffs have failed to identify a claim upon which relief can be granted. The Plaintiffs' bare bones assertions that Knox County has deprived Ms. Vineyard's constitutional rights are inadequate. Simply listing statutes that mention some of Knox County's responsibilities without factually connecting the relevance of such statutes to the present case is insufficient to establish a policy or custom. In fact, many of the statutes and cases cited relate to duties owed to *inmates*, not *visitors*. *See* T.C.A. § 41-4-138 (providing that a sheriff must ensure that female inmates are treated

4

exclusively by female nurses, and that male inmates are treated exclusively by male nurses); *see also DeShaney v. Winnebago Cnty. Dept. of Social Servs.*, 489 U.S. 189, 199-200 (noting a Sheriff has the constitutional duty to protect inmates from violence at the hands of other inmates). Moreover, the Plaintiffs misunderstand the purpose of establishing a policy or custom for municipal liability under § 1983. It is not adequate that a plaintiff merely assert a municipality has failed to follow certain statutory obligations; rather, a plaintiff must show that a policy or custom was created or adopted, which then led to a violation of an individual's constitutional rights. The Plaintiffs have failed to plead such facts in this case.

Because the Plaintiffs' pleadings do not identify any plausible facts establishing an official policy or custom of Knox County that violated Ms. Vineyard's constitutional rights under § 1983, the Plaintiffs' § 1983 claim against Knox County will be dismissed.

**B. The Plaintiffs' § 1983 claim against Sheriff Jones fails to demonstrate that Sheriff Jones violated Ms. Vineyard's constitutional rights.**

In order to establish liability under § 1983, a plaintiff must demonstrate that a person acting under color of law "deprived [the plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011) (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). *Respondeat superior* is not a basis for liability under § 1983 unless there are allegations or proof of personal complicity. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). In other words, a plaintiff pursuing a § 1983 claim must allege and prove that a defendant was personally involved in the unconstitutional activity set out in the complaint. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must show, at a minimum, the supervisory official "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id.* (citing *Hays v. Jefferson County*, 668 F.2d 869, 872-74 (6th Cir. 1982)).

5

Here, the Plaintiffs have failed to plead any facts supporting their allegation that Sheriff Jones was personally involved in depriving Ms. Vineyard of her constitutional rights. Moreover, the Plaintiffs have failed to plead that Sheriff Jones personally authorized, approved, or knowingly acquiesced in any unconstitutional conduct by a subordinate. *See Bellamy*, 729 F.2d at 421. With no allegation of personal involvement by Sheriff Jones, the § 1983 claim against Sheriff Jones in his individual capacity will be dismissed.

**C. The Plaintiffs' § 1983 claim against "Unknown Officers" fails because the statute of limitations has expired.**

The Court concludes that the § 1983 claim brought against the "Unknown Officers" in their individual capacities must also be dismissed because the Plaintiffs have failed to identify the "Unknown Officers" before the statute of limitations expired. While a plaintiff may initially file a complaint with a pseudonym for an unknown party, a civil action cannot be commenced against a fictitious party. *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). As this Court has previously noted, such allegations against unknown parties are mere surplusage. *Pierce v. Hamblen Cnty., Tenn.*, 2009 WL 2996333, at *1 (E.D. Tenn. Aug. 17, 2009). Consequently, while a party can ask for leave to amend their pleadings under F.R.C.P. 15(c)(1) to identify unknown parties, that window is limited by the notice provision under F.R.C.P. 4(m) of 120 days. Here, the Plaintiffs have failed to identify the "Unknown Officers" in any amended pleadings to this case within 120 days, and thus the Plaintiffs' § 1983 claim against the "Unknown Officers" would normally be dismissed *without* prejudice. *See* Fed. R. Civ. P. 4(m). However, the statute of limitation has also expired as to the "Unknown Officers" in this case, and accordingly Plaintiffs' § 1983 must be dismissed *with* prejudice.

While § 1983 itself does not contain a statute of limitations, the Court is required by Congress to apply the most closely analogous statute of limitations provided under state law.

6

*Wilson v. Garcia*, 471 U.S. 261 (1985); *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Under Tennessee law, the applicable statute of limitations for a federal civil rights action accrues one year after the cause of action. Tenn. Code Ann. § 28-3-104(a)(3). Here, the incident at the Knox County Detention Facility between Ms. Vineyard and the other woman occurred on January 2, 2013. Accordingly, the Plaintiffs had until January 2, 2014, to identify and properly serve all defendants under F.R.C.P. 4(m). Because the statute of limitations has now expired in this case, the Plaintiffs cannot amend the pleadings to indicate the identities of the "Unknown Officers" as any amended pleading would not relate back under F.R.C.P. 15(c)(1). Therefore, the § 1983 claims against the "Unknown Officers" in their individual capacities must be dismissed *with* prejudice.

**D. The Plaintiffs' remaining state tort law claims will be dismissed pursuant to 28 U.S.C. § 1367.**

The Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). In its discretion, however, the Court may decline to exercise supplemental jurisdiction over supplemental claims if the district court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). In the present case, the Court is dismissing all of the federal civil rights actions filed against the Defendants pursuant to § 1983 over which it had original jurisdiction. *See* 28 U.S.C. §§ 1331 and 1343(3). In deciding whether to exercise supplemental jurisdiction, the Court must consider the factors of judicial economy, convenience, fairness, and comity. *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). When all federal claims are dismissed before trial, the balance of considerations usually weighs in favor of dismissing supplemental state law claims without prejudice under 28 U.S.C. § 1367(c)(3). *Musson Theatrical*, 89 F.3d at 1254-55; *Novak v. MetroHealth Medical*

*Center*, 503 F.3d 572, 583 (6th Cir. 2007); *Widgren v. Maple Grove Township*, 429 F.3d 575, 586 (6th Cir. 2005); *Poteet v. Polk Cnty. Tenn.*, 2007 WL 1240489 (E.D. Tenn. April 26, 2007).

After considering the factors of judicial economy, convenience, fairness, and comity in the present case, the Court pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over the Plaintiffs' state law claims. Therefore, all state law tort claims in this case will be dismissed.

### IV. Conclusion

For the reasons set out above, the Defendants' Motion to Dismiss [R. 14] the § 1983 claims against Knox County and Sheriff Jones is hereby **GRANTED.** The § 1983 claims against "Unknown Officers" are **DISMISSED** *with prejudice*, and, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the Plaintiffs' Tennessee state law claims for negligence, invasion of privacy, negligent infliction of emotional distress, false imprisonment, and claims under the Tennessee Governmental Tort Liability Act. The state law claims are hereby **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**